1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

### EASTERN DISTRICT OF CALIFORNIA

8

9    JOSH THOMAS,                                    CV F    00 5817 AWI SMS P

10                          Plaintiff,

                                                     ORDER DENYING PLAINTIFF'S MOTION
11         v.                                        TO SUBSTITUTE DEFENDANTS (Doc.  129)

12
     D.L. STEPHENS, et.  al.,
13
                            Defendants.
14   _____/

15
         Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in
16
     this civil rights action filed pursuant to 42 U.S.C. § 1983.
17
         On September 30, 2004, Plaintiff moved to substitute in Samantha Reyes and R.  Quinn
18
     as Defendants in place of Doe Defendants.  (Doc.  129.)
19
         Defendants filed their Opposition to Plaintiff's Motion on October 13, 2004.  (Doc.  134.)
20
         On April 7, 2003, this Court re-set, and thereby extended, deadlines for the completion of
21
     discovery, the filing of Amended Pleadings and dispositive motions.[1]  The deadline to Amend
22
     Pleadings was set for July 17, 2003.  (Doc.  82.)
23
     **A.  DISCUSSION**
24
         Pursuant to F.R.Civ.P. 16(b)(2) and (3), district courts must enter scheduling orders to
25
     establish deadlines for, among other things, "to file motions" and "to complete discovery."
26
     Scheduling orders may also include "the date or dates for conferences before trial, a final pretrial
27

28
         [1]The initial Scheduling Order was issued on May 11, 2001. (Doc.  59.)

                                                  1

1  conference, and trial." F.R.Civ.P. 16(b)(4). "A schedule shall not be modified except upon a

2  showing of good cause and by leave of the district judge or, when authorized by local rule, by a

3  magistrate judge." F.R.Civ.P. 16(b). The scheduling order "shall control the subsequent course

4  of the action unless modified by a subsequent order." F.R.Civ.P. 16(e).

5       Defendants argue that the First Amended Complaint filed by Plaintiff did not name any

6  Doe Defendants in relation to the deprivation of property claim. In addition, Defendants argue

7  that the Motion should be denied because Plaintiff's request is untimely in that the Amended

8  Pleadings deadline expired in July of 2003.

9       The Court has examined the record in this case and finds Defendants are correct that

10  Plaintiff's Motion is untimely. The Amended Pleading deadline expired in July of 2003, yet

11  Plaintiff did not make his Motion until over a year later. Plaintiff's Motion further fails to

12  address much less demonstrate good cause for the lengthy delay in requesting to Amend at this

13  late date. Thus, the Court can find no good cause warranting relief from the Scheduling Order.

14       In addition, the Court has examined the First Amended Complaint and finds that Plaintiff

15  did not name any Doe Defendants in connection with his deprivation of property claim. The

16  Court's Findings and Recommendations regarding dismissal of certain claims in the First

17  Amended Complaint addresses the deprivation of property claim but with respect only to

18  Defendant Leon. (Doc. 17.) Moreover, no Doe Defendants were identified by the Court in its

19  Order finding certain claims against certain Defendants cognizable. (Doc. 20.) Thus, the action

20  is limited to those Defendants and claims found cognizable.

21       Accordingly, in light of the above and pursuant to Rule 16(b), Plaintiff's Motion to

22  Substitute Defendants is DENIED.

23

24  IT IS SO ORDERED.

25  **Dated:    May 24, 2005**           **/s/ Sandra M. Snyder**
    icido3           UNITED STATES MAGISTRATE JUDGE

26

27

28