UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>          Plaintiff,<br><br>vs.<br><br>D.L. STEPHENS, et al.,<br><br>          Defendants.<br>_____/ | 1:00-cv-05817-AWI-SMS-P<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** (Doc. 144)<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT RE ADA CLAIM ONLY** (Doc. 130) |

   Plaintiff, Josh Thomas ("Plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

   On May 24, 2005, the Magistrate Judge filed Findings and Recommendations herein which were served on the parties.  The Findings and Recommendations recommend that the court grant Defendants' motion for summary judgment on Plaintiff's ADA claim. The Findings and Recommendations contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty (30) days.  On June 13, 2005, Plaintiff

1

filed objections to the Magistrate Judge's Findings and Recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Plaintiff's objections do not provide a basis to not adopt the Findings and Recommendations.

Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  In his objections, Plaintiff contends that the Magistrate Judge erred by finding that his back injury was not a disability within the meaning of the ADA.  To be disabled under the ADA, Plaintiff must prove that his disabilities substantially impaired a major life activity. 42 U.S.C. § 12102(2); Raytheon Co. v. Hernandez, 540 U.S. 44, 49 (2003). Federal regulations describe major life activities as including functions "such as caring for oneself, walking, seeing, hearing, speaking, breathing, learning, and working."  45 C.F.R. § 84.3(j)(2)(ii); 29 C.F.R. § 1630.2(I). This illustrative list of major life activities requires the activity to be of "comparative importance" and "central to the life process itself."  Bragdon v. Abbott, 524 U.S. 624, 638 (1998).

1   Contrary to Plaintiff's contention in his objections that he
2 is unable to lift, push, pull, stand, bend, stoop, squat, sit,
3 reach, walk or work, the undisputed evidence shows only some
4 physical limitations at the time the alleged ADA violation
5 occurred.  At issue in the pending ADA claim is Plaintiff's
6 disability in 1999, not today.  On February 11, 1992, Plaintiff
7 was found to be subject to work restrictions, "specifically no
8 lifting over 40 pounds or equivalent pushing, pulling, twisting,
9 or repeated position changes such as climbing, bending, or
10 squatting."   On August 24, 1998, Plaintiff was found to have a
11 work restriction of not being able to "lift greater than 25lbs,
12 no prolonged standing or no receptive bending or stopping."  The
13 court agrees with the Magistrate Judge that the inability to walk
14 or stand for *prolonged* periods, not being able to lift more than
15 25 pounds, and not be able to do tasks requiring repetitive
16 bending or squatting are not the type of activities that are
17 central to life itself.  In 1999, when the alleged ADA violation
18 occurred, the undisputed evidence reveals that Plaintiff could
19 lift, push, pull, stand, bend, stoop, squat, sit, reach, walk,
20 and work.  Plaintiff was only limited in much he could assert
21 himself in these activities.   In the absence of authority to
22 the contrary, the court does not find that being restricted in
23 how much someone can lift, push, pull, stand, bend, stoop, squat,
24 sit, reach, walk, and work is a disability within the meaning of
25 the ADA.
26   The Magistrate Judge also found that even assuming Plaintiff
27 was disabled, Plaintiff had not shown an ADA violation.  The
28 elements for such a claim are: (1) that the plaintiff is

3

disabled; (2) that he is otherwise qualified; and (3) that the defendants' actions either (a) excluded his participation in or denied him the benefits of a service, program, or activity; or (b) otherwise subjected him to discrimination on the basis of his physical or mental handicap. Duffy, 98 F.3d at 455. Plaintiff's ADA claim is based on his contention that Defendants removed him from his position knowing of his disability. However, Plaintiff admits he was unable to do the job, and Plaintiff makes no argument that he could do the job with a reasonable accommodation. This is not an ADA violation. Plaintiff contends in his objections that Defendants required him to do work in conflict with his medical restrictions. Plaintiff offers no evidence the tasks he was asked to do were not part of the job description and others with the same job were not required to do these tasks, implying that Plaintiff was singled out because of his disability. Asking someone to do a task that they are physically unable to do is not, alone, a violation of the ADA. While violating a prison doctor's work restrictions and subjecting Plaintiff to punishment if Plaintiff does not do certain tasks in the prison setting may create a cause of action, there is no authority that this is a violation of the ADA. This conduct did not deprive Plaintiff of the benefits of a program or submit him to discrimination.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Findings and Recommendations, filed May 24, 2005, are ADOPTED IN FULL;

2.  Defendants' motion for summary judgment on plaintiff's ADA claim against defendants Caetana, Lyman (formerly Stephens),

4

1  Seeley, and Harlow, filed October 13, 2004, is GRANTED; and,
2       3.   The case proceed on the remaining Eighth Amendment
3  claim.
4       The case is referred back to the Magistrate Judge for
5  further proceedings.
6  
   IT IS SO ORDERED.
7  
   **Dated:    August 22, 2005              /s/ Anthony W. Ishii**
8  0m8i78                             UNITED STATES DISTRICT JUDGE