# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | CV F   00 5817 AWI LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR SUBPOENAS (Doc. 159.) |
| D.L. STEPHENS, et. al., | |
| Defendants. | |

Josh Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 3, 2005, the Court issued a Second Scheduling Order and set the matter for a Telephonic Trial Confirmation Hearing and Trial. The Order noted that Plaintiff was to file a Motion for Incarcerated witnesses within a certain time frame. The Order also informed Plaintiff of the manner in which to request the attendance of non-incarcerated witnesses who are both willing to testify and not willing to testify. On October 28, 2005, Plaintiff filed a Motion for Incarcerated Witnesses.

On October 18, 2005, Plaintiff filed a pleading titled "Motion Request for Subpoena and Order compelling witnesses." (Doc. 159.)   In this pleading, Plaintiff merely indicates that he is requesting "sixteenth subpoena" for a list of witnesses Plaintiff states have actual knowledge of all or most of the facts in the case.  However, Plaintiff does not indicate in any way, shape or form whether any of these witnesses are incarcerated in which case they should have been named in the Motion for Attendance of Incarcerated Witnesses and not in a separate motion; or whether

1  they are willing to testify or not willing to testify.

2  In the event the witnesses named are *willing* to testify, Plaintiff fails to provide the
necessary information (and declarations) outlined in the Second Scheduling Order.  Similarly, in
the event the individuals are unincarcerated and *unwilling* to testify, Plaintiff again fails to
provide the necessary information and witness fees.

6  To the extent any of the named individuals are incarcerated witnesses, the Court will
determine whether the individuals will be allowed to come and will issue subpoenas sua sponte,
meaning, without motion by Plaintiff.  The Court will not simply issue subpoenas simply at
Plaintiff's request.  Certain procedures must be followed and thus, Plaintiff is urged to re-read
the Second Scheduling Order so that he may make his request for witnesses in the appropriate
manner.

12  Accordingly, the Motion for Subpoenas is DENIED.

13  IT IS SO ORDERED.

14  **Dated:   November 17, 2005            /s/ Lawrence J. O'Neill**
b9ed48                                          UNITED STATES MAGISTRATE JUDGE