**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JOSH THOMAS,** | CV F 00-5817 AWI SMS P |
|         **Plaintiff,** | **ORDER DENYING MOTION FOR STAY** |
| v. | |
| **D. L. STEPHENS, et al.,** | **ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS** |
|         **Defendants.** | |
| | [Documents #149 & #160] |

    Plaintiff Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se and has filed a petition for writ of habeas corpus pursuant to 42 U.S.C. § 1983. This action is set for trial on Plaintiff's Eighth Amendment claim on February 22, 2005.[1]

    On September 14, 2005, Plaintiff filed a notice of appeal and request to stay this action pending his appeal. On October 28, 2005, Plaintiff filed a motion for leave to appeal in forma pauperis.

    Plaintiff seeks to appeal the court's August 24, 2005 order granting Defendants summary judgment on Plaintiff's ADA claim. A final judgment is not entered in an action until all claims have been resolved. See Fed.R.Civ.P. 54(b). The court's August 24, 2005 order did not enter

---

[1] The court notes that Plaintiff has also filed motions concerning the attendance of witnesses at trial. The court will address these motions after the court receives any opposition from Defendants and Defendants file their pre-trial statement.

judgment on the ADA claim because Plaintiff may still proceed to trial on his Eighth Amendment claim.  Thus, the August 24, 2005 order cannot be appealed until this action is over.

In general, the filing of a notice of appeal transfers jurisdiction over the matters appealed to the court of appeals, and the district court generally is divested of jurisdiction over those aspects of the case involved in the appeal. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001). However, a notice of appeal from a nonappealable order will not divest the district court of jurisdiction. Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993); United States v. Garner, 663 F.2d 834, 838 (9th Cir.1981); Ruby v. Secretary of the Navy, 365 F.2d 385, 389 (9th Cir.1966) (en banc).  Where a notice of appeal fails to transfer jurisdiction to the appellate court, jurisdiction remains in the district court because jurisdiction "cannot float in the air." Estate of Conners by Meredith v. O'Connor, 6 F.3d 656, 659 (9th Cir. 1995); Ruby, 365 F.2d at 388.  Because the August 24, 2005 order is a nonappealable order, the court will not stay this action pending the appeal.

Plaintiff also asks that he be given in forma pauperis status on appeal.  A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith.  See Fed. R. App. Pro. 24(a)(3).  Here, the appeal is not in good faith because Plaintiff is appealing a nonappealable order.  Thus, this court will not grant Plaintiff in forma pauperis status on appeal.

Accordingly, the court ORDERS that:
1. Plaintiff's motion for a stay pending appeal is DENIED; and
2. Plaintiff's motion for in forma pauperis status on appeal is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   December 23, 2005**            /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE

2