IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | CV F 00-5817 AWI SMS P |
| Plaintiff, | ORDER DENYING MOTION FOR DEFAULT |
| v. | |
| D.L. STEPHENS, et al., | (Document #174) |
| Defendants | |

This action proceeds on Plaintiff Josh Thomas' Amended Complaint, filed October 30, 2000. On October 3, 2005, the Magistrate Judge issued the second scheduling order that set trial in this matter for February 22, 2006. In the order, Plaintiff was ordered to file his pretrial statement by December 2, 2005, and Defendants were ordered to file their pretrial order by December 27, 2005.

On December 29, 2005, Plaintiff filed a motion for default. Plaintiff contends that he is entitled to default judgment because Defendants did not timely file their pretrial statement. On January 3, 2006, Defendants filed an opposition.

A defendant is in default if he or she fails to plead or otherwise defend a complaint within the time period permitted by the Federal Rules. Fed. R. Civ. Pro. 55(a). A court has the discretion to enter default judgment against one who is not an infant, incompetent, or member of the armed services where the claim is for an amount that is not certain on the face

of the claim and where 1) the defendant has been served with the claim; 2) the defendant's default has been entered for failure to appear; 3) if the defendant has appeared in the action, the defendant has been served with written notice of the application for judgment at least three days before the hearing on the application; and 4) the court has undertaken any necessary and proper investigation or hearing in order to enter judgment or carry it into effect. Fed. R. Civ. P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

In this action, Defendants filed answers to Plaintiff's Amended Complaint in 2002 and 2003. Thus, all Defendants filed responses to the Amended Complaint, and Defendants are not in default. Rule 55 of the Federal Rules of Civil Procedure does allow a court to grant default and default judgment if a defendant is late in filing a pretrial statement. Such late filings can be addressed by other sanctions. Here, Defendants did not file their pretrial statement late. A review of the court's own docketing system reveals that Defendants filed their pretrial statement on December 27, 2005. Because Defendants were not required to file their pretrial statement until December 27, 2005, Defendants are not in violation of the court's second secluding order. Thus, Plaintiff is not entitled to default, default judgment, or any other sanctions.

Accordingly, Plaintiff's motion for default is DENIED.

IT IS SO ORDERED.

**Dated: January 10, 2006** **/s/ Anthony W. Ishii**
0m8i78 UNITED STATES DISTRICT JUDGE