1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>              Plaintiff,<br><br>     v.<br><br>D.L. STEPHENS, et al.,<br><br>              Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV F 00-5817 AWI SMS P<br><br>**ORDER DENYING MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES**<br><br>**ORDER DENYING MOTION FOR ATTENDANCE OF INCARCERATED WITNESS**<br><br>(Documents #161 & #168) |

This action proceeds on Plaintiff Josh Thomas' First Amended Complaint filed on October 30, 2000.   The First Amended Complaint requests damages to remedy Defendants' failure to follow medical orders and requirement that Plaintiff work at tasks for which he was not medically able.   Trial is set for February 22, 2006.   A telephonic trial confirmation hearing is set for January 17, 2006 at 3:00 p.m.   Pending before the court are Plaintiff's motion for the attendance of an incarcerated witness and Plaintiff's motion for the attendance of unincarcerated witnesses.

**Incarcerated Witness**

Plaintiff has filed a motion to have inmate Thomas G. Luparello, C-51721, brought to trial to testify.   Plaintiff provides a declaration signed by Luparello, indicating a willingness to testify and Luparello's proposed testimony.   Luparello states that from January 2002 until the present he has was worked on the yard crew.   Luparello describes how work is assigned on the yard crew and the types of tasks preformed.   Defendants object to bringing

1  Luparello to trial to testify because Luparello was not on the yard crew during the time frame at

2  issue in this action.

3  Rule 402 of the Federal Rules of Evidence allows for the admission of relevant

4  evidence at trial to the extent the evidence is not prohibited under another Rule.   Relevant

5  evidence is defined as "evidence having any tendency to make the existence of any fact that is of

6  consequence to the determination of the action more probable or less probable than it would be

7  without the evidence.   See Fed. R. Evid. 401.   Rule 403 allows the court to exclude relevant

8  evidence if "its probative value is substantially outweighed by the danger of unfair prejudice,

9  confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of

10  time, or needless presentation of cumulative evidence."   The court has broad discretion in

11  assessing admissibility under Rule 403.   Getter v. Wal-Mart Stores, Inc., 66 F.3d 1119, 1124

12  (10th Cir. 1995).

13  Testimony from Luparello about the type of work down by yard crews has some

14  relevance to this action.   However, Luparello was not on the yard crew during the time Plaintiff

15  was on the yard crew and the incidents underlying this action arose.   There is no evidence that

16  the yard crew did the same tasks and work was assigned in the same way in both 1999 and 2002.

17  Because Luparello was not on the same yard crew as Plaintiff and there is no evidence

18  Luparello's yard crew does the same tasks that were required of Plaintiff in 1999, the court finds

19  that any relevancy to Luparello's testimony is substantially outweighed by the danger of

20  confusing the issues.   Thus, the court declines to bring Luparello to trial to testify because his

21  testimony is not particularly helpful in the resolution of the issues before the court.

22  **Unincarcerated Witnesses**

23  Plaintiff has also has filed a motion for the attendance of unincarcerated

24  witnesses.   In his motion Plaintiff lists: C/O A. Quinones; Associate Warden B. Espinosa;

25  Lieutenant Harlow; C/O G. Seeley; Counselor Gibson; Counselor Ridgley; C/O F Lopez; C/O

26  Silvera; C/O Gonzales; and    C/O D. Walls as potential witnesses.   Plaintiff explains how each

27

28  2

1  of these ten witnesses is relevant to his case.   Plaintiff also states that each of these ten witnesses

2  will not appear voluntarily at trial.

3          Plaintiff has already been given instructions on obtaining the presence of

4  unincarcerated witnesses.   Plaintiff has been informed that if an unincarcerated witness will not

5  testify voluntarily, Plaintiff must fill out a subpoena for each such witness and provide a money

6  order made payable to each witness for $40.00, plus the witnesses' travel expenses.   The

7  completed subpoenas and the money orders must be submitted by January 17, 2006.

8          In Plaintiff's motion, Plaintiff appears to ask that the court waive the witness fees

9  and fees for travel expenses.   Plaintiff claims that he does not have the ability to pay these fees

10  but still needs these witnesses at trial.   The court has no authority to order any unincarcerated

11  witness to appear at trial without requiring the plaintiff to pay witness fees.   The Supreme Court

12  has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper

13  only when authorized by Congress."   United States v. MacCollom, 426 U.S. 317, 321 (1976).

14  The Ninth Circuit has found that the in forma pauperis statute, 28 U.S.C. § 1915, does not

15  provide for the payment of fees or expenses of an indigent litigant's witnesses.   See  Dixon v.

16  Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989).[1]

17  While 28 U.S.C. 1915 provides for service of process to an indigent litigant's witnesses, it does

18  not waive the payment of fees or expenses for those witnesses.   Hadsell v. C.I.R., 107 F.3d 750,

19  752 (9th Cir. 1997).   Because witness fees and milage is a payment going directly to the

20

21    [1]  One case holding the opposite is of note.  In William v. Carter, 10 F.3d 563 (8th

22  Cir.1993), the Eighth Circuit found that the trial court had abused its discretion by not allowing subpoenas to be served on all of the pro se prisoner's witnesses.  While William does not

23  specifically discuss whether the prisoner paid the witnesses' fees or the court waived them, there is an implication that the fees were waived. Assuming William stands for the proposition that

24  the court has the power to waive witness fees in a civil case, the Eighth Circuit is in the minority and most other circuits have found the court cannot waive witness fees.  See, e.g., Boring v.

25  Kozakiewicz, 833 F.2d 468, 474 (3d Cir.1987); Johnson v. Hubbard, 698 F.2d 286, 289 (6th Cir.); McNeil v. Lowney, 831 F.2d 1368, 1373 (7th Cir.1987).  Because this court is in the Ninth

26  Circuit it is bound by the Ninth Circuit's finding that witnesses fees cannot be waived by the court.

27

28                                            3

1  witnesses for their time and expenses, not the court, it is not the type of fee the court has the

2  power to waive.  Based on the nature of these fees and case authority, Plaintiff's motion for the

3  court to bring unincarcerated witnesses to the trial must be denied.  However, Plaintiff will be

4  able to call any of the named Defendants who appear at trial as witnesses.  In addition, Plaintiff

5  may call any other of Defendants' witnesses if they appear at trial and if Plaintiff has listed them

6  as witnesses in his pre-trial statement.  Finally, Plaintiff may cross-examine any other witness

7  that Defendants call to testify.

8  　　　　　　Plaintiff's in forma pauperis status simply does allow the court to waive the

9  witness fees.  Plaintiff must fill out a subpoena for each unincarcerated witness and return it with

10  a separate $40.00 money order, plus travel expenses, made payable to each of the witnesses.  The

11  completed subpoenas and the money orders must be submitted by January 17, 2006.  Before the

12  court will order the Marshal to serve the subpoenas, Plaintiff must fill out the portions of the

13  subpoenas relating to trial testimony, sign them as the "issuing officer," complete the enclosed

14  Notice of Submission, and return the documents to the court with money orders, made payable to

15  each of the prospective witnesses.

16  　　　　　　　　　　　　　　**Order**

17  　　　　　Accordingly, the court ORDERS that:

18  　　　　　1.　　Plaintiff's motion for the attendance of incarcerated witness Thomas G.

19  　　　　　　　　Luparello, C-51721, is DENIED;

20  　　　　　2.　　Plaintiff's motion for the attendance of unincarcerated witness without

21  　　　　　　　　payment of witness fees is DENIED;

22  　　　　　3.　　The Clerk of the Court is DIRECTED to send Plaintiff ten subpoenas.

23

24   IT IS SO ORDERED.

25  **Dated:　　January 11, 2006**　　　　　　　　　　／s／ **Anthony W. Ishii**
    0m8i78　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

26

27

28  　　　　　　　　　　　　　　　　　　4