# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>           Plaintiff,<br><br>     v.<br><br>D.L. STEPHENS, et. al.,<br><br>           Defendants.<br>_____/ | CV F 00-5817 AWI SMS P<br><br>**ORDER SETTING SETTLEMENT CONFERENCE**<br><br>Date:  April 18, 2006<br>Time: 1:00 p.m. Courtroom 7 |

   This matter was previously set for trial before the Honorable Judge Anthony W. Ishii on September 12, 2006.  However, the trial was continued and the parties indicated that settlement negotiations might be helpful in resolving the case.  Given that the parties are willing to engage in settlement negotiations, the Court HEREBY ORDERS:

   1.   A Settlement Conference SHALL BE HELD on **October 5, 2006, at 10:00 a.m.** before the undersigned.

   2.   Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** SHALL appear by *telephone* **with the parties and/or the person(s) having full authority to negotiate and settle the case,** on any terms, at the conference.

1

3. The Deputy Attorney General SHALL make the appropriate arrangements and obtain the telephone number needed in order for Plaintiff to also appear telephonically at the settlement conference;

4. Both parties SHALL independently contact the chambers of the undersigned by phoning **(559) 499-5690 at 10:00 a.m. on October 5, 2006.** The Deputy Attorney General SHALL be prepared to make a conference call to include Plaintiff on the telephone should the Court require an appearance by both parties on the record;

5. A party SHALL inform the Court (Courtroom Deputy, Harriet Herman) and the other parties by **October 2, 2006**, that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference.  Otherwise the parties SHALL proceed with the settlement conference in good faith to attempt to resolve all or part of the case.  The Court may vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case.

The parties are forewarned that pursuant to Local Rule 11-110 "a failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."

IT IS SO ORDERED.

**Dated:   September 19, 2006**          /s/ Sandra M. Snyder
icido3                                                            UNITED STATES MAGISTRATE JUDGE