# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>          Plaintiff,<br><br>    v.<br><br>D. L. STEPHENS, et al.,<br><br>          Defendants.<br>                                  / | CASE NO. 1:00-cv-05817-LJO-SMS PC<br><br>ORDER DENYING PLAINTIFF'S OBJECTION, CONSTRUED TO BE A MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 255) |

    Plaintiff Josh Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is ready to be set for jury trial once the remaining discovery dispute concerning the deposition of defendant Caetana by written question is resolved. On January 12, 2007, the Honorable Anthony W. Ishii issued an Order denying plaintiff's Motion for Judgment, filed March 10, 2006. (Docs. 198, 248.)  On January 29, 2007, plaintiff filed an Objection, construed to be a Motion for Reconsideration. (Doc. 255.)

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

    Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)

(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Judge Ishii denied plaintiff's Motion for Judgment on the ground that it was untimely because the pretrial dispositive motion deadline was April 28, 2003. (Doc. 248.) Plaintiff makes numerous objections, none of which are availing. The pretrial dispositive motion deadline was originally set for April 28, 2003. (Doc. 59.) On August 19, 2003, defendants were granted a sixty-day extension of time to file a pretrial dispositive motion, to commence upon a ruling denying in whole or part their pending Motion to Dismiss. (Doc. 90.) Defendants' Motion was denied on November 5, 2003, and defendants timely filed a Motion for Summary Judgment on December 23, 2003. (Docs. 91, 96.) Finally, on September 10, 2004, defendants were granted forty-five days within which to file any further pretrial dispositive motions. (Doc. 127.) Defendants timely filed a Motion for Summary Judgment on October 13, 2004. (Doc. 130.) Thus, plaintiff's assertion that if the pretrial dispositive motion deadline was April 28, 2003, defendants were impermissibly allowed to file two untimely pretrial dispositive motions is without merit. Plaintiff's motion for judgment, filed after the pretrial dispositive motion deadline of April 28, 2003, was not timely.

Finally, with respect to plaintiff's argument that Judge Ishii told him during a hearing that he had leave to raise any motions under Federal Rules of Civil Procedure 50, 52, and 58, those rules pertain to trial or post-trial matters, not pretrial matters. Plaintiff attempted to file a pretrial dispositive motion after the deadline and it was properly denied by Judge Ishii. The instant issue is

irrelevant to plaintiff's ability to properly raise dispositive motions *during or after* the trial pursuant to Rules 50, 52, and 58.

Plaintiff's Objection, filed January 29, 2007, and construed to be a Motion for Reconsideration, is HEREBY ORDERED DENIED, with prejudice.  No further Motions relating to Judge Ishii's Order of January 29, 2007, or plaintiff's Motion of March 10, 2006, will be considered.

IT IS SO ORDERED.

**Dated:   May 4, 2007**              /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE