# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | CASE NO. 1:00-cv-05817-LJO-SMS PC |
| Plaintiff, | ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND DENYING PLAINTIFF'S MOTION TO SET SECOND DEPOSITION |
| v. | |
| D. L. STEPHENS, et al., | (Docs. 245 and 256) |
| Defendants. | |

**I.    Order**

    **A.    Procedural History**

Plaintiff Josh Thomas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is proceeding on Plaintiff's amended complaint, filed October 30, 2000, against Defendants Lyman aka Stephens, Denny, Caetana, and Turner ("Defendants") for violation of Plaintiff's rights under the Eighth Amendment. (Doc. 208.) Plaintiff claims that Defendants forced him to perform job tasks which interfered with his medical condition and with doctor's orders, causing Plaintiff pain and emotional suffering. (Id.) This matter is ready to be set for jury trial, pending resolution of Plaintiff's objection to Defendant Caetana's responses to certain written deposition questions and motion to set a second deposition, filed December 13, 2006.[1] (Doc. 245, 256.) Defendants filed an opposition on January 24, 2007. (Docs. 251, 252.)

---

[1] Plaintiff's motion was incomplete and pursuant to the Court's order of January 29, 2007, Plaintiff re-filed the complete motion on February 7, 2007.

1

1    Defendant Caetana is suffering from prostrate cancer and may never be able to attend a trial.
2    (Doc. 228.) In an effort to accommodate Defendant's unavailability for trial, Defendant was
3    scheduled to be deposed by written question on October 19, 2006. The undersigned held a
4    telephonic conference on October 17, 2006, to resolve a dispute between the parties over Plaintiff's
5    written deposition questions to Defendant Caetana. (Doc. 238.) The Court restructured Plaintiff's
6    deposition questions and provided a copy of its memorandum to defense counsel by e-mail on
7    October 17, 2006. (Id.) Plaintiff was provided with a copy of the restructured questions by defense
8    counsel on October 18, 2006, and filed a stipulation to adopt the questions as restructured by the
9    Court. (Id.; Doc. 239) The deposition occurred on October 19, 2006. On December 7, 2006,
10   Plaintiff filed an objection to some of Defendant's answers and to some of the questions as
11   restructured by the Court. (Doc. 245.)

**B.    Plaintiff's Objections**

At no time was Plaintiff given any indication that a second deposition of Defendant Caetana would occur. Both Plaintiff and Defendants were given an opportunity to draft questions for Defendant, and both Plaintiff and Defendants had the opportunity to discuss concerns, issues, and conflicts regarding the questions, both privately between the parties and in Court during the hearing held on October 17, 2006. Although the Court stated that neither Plaintiff nor Defendants had waived objection to the newly restructured questions, both Plaintiff and Defendant's counsel stated during the hearing that no further problems were anticipated. (Doc. 238.) Both sides were given a copy of the restructured questions, and Plaintiff signed a stipulation stating he had reviewed the restructured questions and adopted them.

The Court has given Plaintiff's current objections due consideration and it is clear from the record that this dispute arises from Plaintiff's dissatisfaction with the answers Defendant gave during the deposition rather than any legitimate problem with the questions as restructured, particularly given that Plaintiff agreed in writing to adopt the questions as restructured.

///
///
///

1.     **Objection 1 - Defendant's Response to a Deposition Question**

**Depo. Question:** Did Stephens order Plaintiff to work at all? (Court Record 252-7, pg. 21, lns. 10-11.[2])

**Answer:** I don't know. (Id., ln. 12.)

**Plaintiff's Current Objection:** None specifically stated. (C.R. 256, pg. 2.)

**Ruling:** Assuming Plaintiff is objecting because he was unable to present evidence or ask a follow-up question to Defendant's response, Plaintiff's objection is without merit. The question was asked and Defendant did not know the answer. Plaintiff is required to accept Defendant's answer as given.

2.     **Objection 2 - Restructuring of Question 7**

**Plaintiff's Depo. Question 7:** Caetana you denies the allegations in Plaintiff's complaint on page 20 paragraph 86 "that Stephens, Caetana, Turner willingly, intentionally, and willingly abuse their authority by interfering with doctor's orders, ordered Plaintiff to perform work duties which he was physically incapable of doing, displays contempt, and improperly removed Plaintiff form his assignment work-training position took reprisal against Plaintiff." [YES OR NO?] (C.R. 252-5, pg. 4, lns. 18-23.)

**Defendants' Objection:** Defendants object to this question on the grounds that it is compound. In addition, Defendants object to this question because it rests on the mistaken assumption that Caetana read the answer to the complaint. (Id., pg. 4, lns. 24-27.)

**Court Resolution:** "Did you willingly and intentionally ignore doctor's orders and order plaintiff to perform work duties which he was physically incapable of doing, ~~and improperly removing plaintiff form his assignment work-training position took reprisal against plaintiff~~?" (This last portion is stricken because it goes to retaliation which is no longer a viable claim in the action.) (Id., pg. 4, ln. 28 through pg. 5, lns. 1-4.)

///

///

---

[2] The page numbers cited to in this order are the court record page numbers, not the page numbers of the deposition transcript itself.

3

1 **Plaintiff's Current Objection:** Plaintiff objects to the striking of a portion of his question, and contends that the retaliation claim is part of the heart of this action and he was prejudiced by the striking of that portion. (C.R. 256, pg. 2.)

**Ruling:** This action is currently proceeding on Plaintiff's claim that Defendants violated the Eighth Amendment by making him perform tasks he was medically unable to perform. (Doc. 208.) Pursuant to the Court's orders, this action was originally proceeding against Defendant Stephens (now Lyman) for violation of Plaintiff's First Amendment rights, against Defendants Stephens, Denny, Turner, Daley, and Caetana for violation of Plaintiff's Eighth Amendment rights, and against Defendant Leon for violation of Plaintiff's Fourteenth Amendment right to due process. (Docs. 17, 19.) Following two motions for summary judgment, Defendants were granted summary adjudication on Plaintiff's First Amendment claim against Defendant Stephens, Plaintiff's due process claim, and Plaintiff's Americans with Disabilities Act claim.[3] (Docs. 120, 127, 144, 147.)

This action is not now and was not ever proceeding on a claim that Defendant Caetana retaliated against Plaintiff in violation of the First Amendment. Plaintiff's objection to the striking of the portion of his question relating to retaliation is without merit.

       **3.**       **Objection 3 - Court Sustained Defendants' Objections to Questions 37-40**

**Plaintiff's Deposition Question 37:** Caetana you denies the undisputed facts in the court Finding and Recommendation on page 21, 22, lines 23-28, that "Defendants Caetana went on to declare that even though Plaintiff could have performed the regular Yard crew work without exceeding the limits imposed by the medical chronos he did not insist that Plaintiff work with the Crew, However, despite Defendants Caetana's contention, Plaintiff has submitted a interrogatory response in which Defendant Caetana indicated that he did recall ordering Plaintiff to push garbage carts and he had not recollection or document to determine whether he ordered Plaintiff to clean the bathroom toilets. [Defendant Caetana did believe that he ordered Plaintiff to sweep floors, and pavement, wash windows, pick-up paper, sweep the Staff Office, and pick-up garbage of housing

---

[3] The Court did not make a finding that Plaintiff's complaint stated a cognizable ADA claim. (Docs. 17, 19.) However, because Plaintiff argued that he was pursuing such a claim, the Court addressed the claim and allowed Defendants leave to file a motion for summary adjudication on the claim. (Docs. 120, 127.)

4

unit 1-3 Facility B], that Defendant Caetana's current declaration he "declares" that he did not order Plaintiff to perform any tasks that he refused to perform, (but yet) the interrogatory respond indicates otherwise." [YES OR NO?]  (C.R. 252-5, pg. 20, ln. 20 through pg. 22, ln. 23.)

**Defendants' Objection:**  Defendants object to this question on the grounds that it is compound and vague.  In addition, Defendants object to this question because it rests on the mistaken assumption that Caetana read the findings and recommendations to Defendants' motion for summary judgment.  (Id.)

**Court Resolution:**  Objection well taken.  Question compound and unintelligible.  Court unable to disentangle.  Also, it appears to have been asked and answered.  (Id.)

**Plaintiff's Deposition Question 38:**  Caetana you denies the undisputed facts in the Court Finding and Recommendation on page 22 lines 17-20, that " Although Dr. Deering declared that Plaintiff was still capable of wishing windows, busing tables, raking leaves, and sweeping floors, there in evidence that the work restriction from other, doctors and Plaintiff's own evidence (in the form of his own testimony) demonstrates that he may have been unable to perform the assigned tasks. [YES OR NO?]

**Defendants' Objection:**  Defendants object to this question on the grounds that it is compound and vague.  In addition, Defendants object to this question because it rests on the mistaken assumption that Caetana read the findings and recommendations to Defendants' motion for summary judgment.

**Court Resolution:**  Objection well taken.  Question compound and unintelligible.  Court unable to disentangle.  Also, it appears to have been asked and answered.

**Plaintiff's Deposition Question 39:**  Caetana you denies the undisputed facts in the court Finding and Recommendation on page 23 lines 1-5 that "it is undisputed that due to Plaintiffs documented medical condition he had certain work restriction in pace.  It is undisputed that Defendants were aware of the work restriction.  It is further undisputed that Plaintiff was assigned to perform new tasks than those he had been performing.  It is undisputed that Plaintiff complained that he could not perform the tasks assigned to him by Defendants because of his work restrictions. [YES OR NO?]

**Defendants' Objection:** Defendants object to this question on the grounds that it is compound. In addition, Defendants object to this question because it rests on the mistaken assumption that Caetana read the findings and recommendations to Defendants' motion for summary judgment.

**Court Resolution:** Objection well taken. Question compound and unintelligible. Court unable to disentangle. Also, it appears to have been asked and answered.

**Plaintiff's Deposition Question 40:** Caetana you denies the undisputed facts in the Court Finding and Recommendation on page 25, lines 3-6 that "The Facts as alleged show that Defendants conduct violated a Constitutional Right, Plaintiff has demonstrated that defendants had knowledge of his medical condition and medical chronos and dispute this knowledge assigned him to perform jobs tasks in violation of the medical chronos resulting in sever pain and suffering. [YES OR NO?]

**Defendants' Objection:** Defendants object to this question on the grounds that it is compound, vague, and calls for a legal conclusion. In addition, Defendants object to this question because it rests on the mistaken assumption that Caetana read the findings and recommendations to Defendants' motion for summary judgment.

**Court Resolution**: Objection well taken. Question compound and unintelligible. Court unable to disentangle. Also, it appears to have been asked and answered.

**Plaintiff's Current Objection:** Plaintiff argues that the facts are relevant and disallowing this evidence is prejudicial. (C.R. 256, pg. 2.)

**Ruling:** Overruled. The questions are unintelligible, and Defendants' objections were properly sustained. Defendant is not required to respond to unintelligible questions, and the Court was unable to disentangle the questions in order to reframe them.

### 4.     Objection 4 - Restructuring of Question 64

**Plaintiff's Deposition Question 64:** Caetana, on January 15, 21, 22, 25, 26, 27, 28, and 29, 1999, were you on duty assigned to B Facility Yard Crew as Supervisor at CSATF, [Yes or No]? And what tasks did you assign Plaintiff to perform? (C.R. 252-5, pg. 29, lns. 16-19.)

**Defendants' Objection:** Defendants object to this question on the grounds that it is compound. (Id., lns. 20-21.)

Case 1:00-cv-05817-LJO-SMS   Document 261   Filed 05/08/07   Page 7 of 10

**Court Resolution:**

a. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 15,1999?"

b. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 21, 1999?"

c. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 22, 1999?"

d. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 25, 1999?"

e. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 26, 1999?"

f. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 27, 1999?"

g. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 28, 1999?"

h. "Were you assigned to B Facility Yard Crew as Supervisor at CSATF on January 29, 1999?"

i. "What tasks did you assign to Plaintiff to perform?" (Id., pg. 29, ln. 22 through pg. 30, ln. 11.)

**Plaintiff's Current Objection:** Defendant answered "yes" to questions a through h, and "none" to question i. Plaintiff argues that he was not given the opportunity to ask what he (Plaintiff) did or if he (Plaintiff) was at his assignment. Plaintiff argues that Defendant's answer was vague and Defendant should be ordered to give an explicit answer.

**Ruling:** This objection is without merit. The Court restructured Plaintiff's initial question because it was compound. Plaintiff originally asked what tasks Defendant assigned him to perform, and that question was not altered by the Court via restructuring. Defendant answered none, and Plaintiff is required to accept that answer. Plaintiff's assertion of vagueness is baseless.

///

7

**5.     Objection 5 - Restructuring of Question 65**

**Plaintiff's Deposition Question 65:** Caetana, on February 17, 18, 19, 23, 24, 25, and 26, 1999, were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF, [Yes or No]? And what tasks did you assign Plaintiff to perform? (C.R. 252-5, pg. 30, lns. 12-15.)

**Defendants' Objection:** Defendants object to this question on the grounds that it is compound. (Id., lns. 16-17.)

**Court Resolution:**

a.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 17, 18, 19, 23, 24, 25, and 26, 1999?:

b.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 18, 1999?"

c.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 19, 1999?

d.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 23, 1999?

e.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 24, 1999?

f.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 25, 1999?

g.  "Were you on duty assigned to B Facility as Yard Crew Supervisor at CSATF on February 26, 1999?"

h.  "What tasks did you assign Plaintiff to perform?" (Id., pg. 30, ln. 18 through pg. 31, ln. 5.)

**Plaintiff's Current Objection:** Defendant answered "I don't know" to questions a through g, and "none" to question h.  Plaintiff argues that Defendant's answers are vague and he was denied the opportunity to refresh Defendant's recollection.

**Ruling:** Overruled. Plaintiff is required to accept Defendant's answers as given. Plaintiff drafted the questions, which were restructured by the Court only to the extent that the Court

8

remedied the original compound question by separating it into subparts. Plaintiff's dissatisfaction with the answers to the questions he drafted in that the questions did not elicit the information Plaintiff hoped they would is not grounds for objection.

### 6.    Objection 6 - Defendant's Response to a Deposition Question

**Depo. Question:** Had Plaintiff been issued medical chronos which prevented him from performing the work required of the work crew? (C.R. 252-7, pg. 35, lns. 18-20.)

**Answer:** Not all jobs of it. (Id., ln. 21.)

**Plaintiff's Current Objection:** Plaintiff argues that Defendant's answer is not clear, and that he was not provided with the opportunity to obtain a clearer answer.

**Ruling:** Overruled. This question was asked as part of the restructuring of Plaintiff's question number 44, which was compound. (C.R. 252-5, pg. 24, lns. 6-16.) Plaintiff's original question was, in relevant part, "[Had] Plaintiff had been issued to inmate medical chronos, which prevented him from performing the work crew?" Plaintiff was the master of this question and received an answer, which was that Plaintiff's chronos did not prevent him from working all jobs of the work crew.

### 7.    Objection 7 - Defendant's Response to a Deposition Question

**Depo. Question:** Caetana, was Plaintiff medically unassigned March 24th through the 31st, 1999, for six days? Yes or no. (C.R. 252-7, pg. 47, lns. 20-22.)

**Answer:** I don't remember. (Id., ln. 23.)

**Plaintiff's Current Objection:** Plaintiff objects to Defendant's vague answer and argues that he was not given the opportunity to present evidence that would elicit a clear answer.

**Ruling:** Overruled. The question was asked and Defendant answered. Plaintiff is required to accept Defendant's answer as given.

### 8.    Objection 8 - Defendant's Response to a Deposition Question

**Depo. Question:** In 1999, were inmates allowed to access the hobby room? (C.R. 252-7, pg. 16, ln. 15-16.)

**Answer:** For a short period of time, yes. (Id., ln. 17.)

///

1  **Plaintiff's Current Objection:** Plaintiff argues that more clarity is needed regarding why inmates were allowed to access the hobby room and how long they stayed, and argues that he was not given an opportunity to inquire further in order to get a full answer.

4  **Ruling:** This question was Defendants' direct examination question number 40. (C.R. 252-2, pg. 19, ln. 10.) If Plaintiff wanted the information he asserts he is entitled to in his objection, Plaintiff was free to draft his own deposition questions seeking the information. Plaintiff did draft a number of questions relating to the hobby room and received answers to his questions. (C.R. 252-7, pg. 29 at lns. 3-5, pg. 40 at lns. 15-21, & pg. 44 at lns. 21-23; C.R. 252-7, pg. 39 at 8-10, pg. 49 at lns 5-14; C.R. 252-8, pg. 1 at lns. 12-15.) This proceeding was deposition by written question, and neither Plaintiff nor Defendants' counsel was present. The questions were prepared ahead of time and asked by a certified shorthand reporter. It is most unclear to the Court why Plaintiff believes he has some entitlement in the proceeding to inquire further to obtain a different and/or more detailed answer. There is no merit to Plaintiff's position.

   **C.     Conclusion**

   The Court has reviewed Plaintiff's objections in their entirety and finds them to be without merit. The objections are overruled. There are no grounds presented mandating the setting of a second deposition of Defendant and Plaintiff's motion for a second deposition is denied. By separate order, this matter shall be set for a telephonic trial setting hearing.

   Accordingly, it is HEREBY ORDERED that Plaintiff's objections are OVERRULED and Plaintiff's motion to notice a second deposition is DENIED.

   IT IS SO ORDERED.

   **Dated:    May 7, 2007**               /s/ Sandra M. Snyder
                                          UNITED STATES MAGISTRATE JUDGE