1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JOSH THOMAS,                              CASE NO. 1:00-cv-05817-LJO-SMS PC

10           Plaintiff,                      ORDER DENYING PLAINTIFF'S MOTIONS
                                             TO STRIKE EVIDENCE AND COMPEL
11      v.                                   ADMISSION, AND FOR SANCTIONS

12  D. L. STEPHENS, et al.,                  (Docs. 202 and 214)

13           Defendants.
                                        /
14

15      Based on a review of the record in this action, it appears that plaintiff's motion to strike

16  evidence and compel admissions, filed April 6, 2006, and for sanctions, filed August 9, 2006, are

17  still pending.

18      Plaintiff's motion to strike defendants' trial evidence is based on plaintiff's contention that

19  the evidence was obtained "unlawfully" prior to the issuance of the order opening the discovery

20  phase of this litigation. (Doc. 202, pg. 1, ¶2 & pg. 2, ¶1.)  Plaintiff also seeks to compel a "response

21  to request for the truth-admission. Rule 35(c)." (Id., pg. 3, ¶2.)

22      The discovery phase of this litigation was open from September 6, 2002, to June 17, 2003.

23  (Docs. 59, 82.)  Plaintiff has made no showing that defendants attempted to obtain discovery from

24  him prior to September 6, 2002, and any such argument is untimely.  Defendants were not and are

25  not precluded from conducting their own site investigation or compiling documents within their own

26  care, custody, or control.  Such activity does not constitute the conducting of formal discovery.

27  ///

28      Plaintiff's motion to compel an admission does not constitute either a proper motion to

1

1   compel or a proper request for admission, either of which would be untimely in that the discovery

2   deadline has passed.  There is no Federal Rule of Civil Procedure 35©.  Rule 35 pertains to physical

3   and mental examinations.  Plaintiff's citation either contains a typographical error or is a miscitation.

4   Plaintiff's motion is denied in its entirety.

5          In the event that plaintiff wishes to seek the exclusion of evidence based on specific

6   evidentiary objections, a motion in limine is the proper vehicle to do so.  A deadline for filing

7   motions in limine will be set during the hearing scheduled for June 11, 2007.

8          Plaintiff's motion for sanctions, filed pursuant to Federal Rule of Civil Procedure 37(d), is

9   based on the failure to hold defendant Caetano's deposition on July 21, 2006.  By letter dated July

10  5, 2006, plaintiff was informed by defense counsel that counsel would be deposing defendant

11  Caetano on July 21, 2006, and plaintiff would be allowed to cross-examine Caetano.  (Doc. 214, pg.

12  8.)  Plaintiff was also sent a Notice of Taking of Deposition.  (Id., pg. 9.)  Plaintiff seeks the entry

13  of default on the ground that defendant willfully failed to appear for his deposition.  The deposition

14  of defendant Caetano was noticed by defendants, not plaintiff.  Therefore, there is no basis upon

15  which plaintiff may object to defendant's failure to appear and/or the cancellation of the deposition.[1]

16   Plaintiff's motion for sanctions is without merit and is denied.

17         For the foregoing reasons, plaintiff's motion to strike evidence and compel admissions, filed

18  April 6, 2006, and for sanctions, filed August 9, 2006, are HEREBY DENIED.

22  IT IS SO ORDERED.

23  **Dated:    June 7, 2007**                        _____/s/ Lawrence J. O'Neill_____
                                                    UNITED STATES DISTRICT JUDGE

---

[1] Because plaintiff is in prison and the deposition was to be held at the prison, no expenses were incurred by plaintiff and Federal Rule of Civil Procedure 30(g) is inapplicable.