# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS, | CASE NO. 1:00-cv-05817-LJO-SMS PC |
| Plaintiff, | ORDER FOLLOWING MOTIONS IN LIMINE HEARING HELD ON SEPTEMBER 5, 2007 |
| v. | ORDER GRANTING IN PART AN DENYING IN PART PARTIES' MOTIONS IN LIMINE AND MISCELLANEOUS TRIAL MOTIONS |
| STEPHENS-LYMAN, DENNY, CAETANA, AND TURNER, | |
| Defendants. | (Docs. 180, 184, 187, 192, 270, and 271) |

## I.  Procedural History

Plaintiff Josh Thomas ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter is set for jury trial on October 9, 2007, at 8:30 a.m. on plaintiff's remaining claim that defendants Stephens-Lyman, Denny, Caetana, and Turner violated plaintiff's Eighth Amendment rights by making him perform work related tasks he was medically unable to perform, causing plaintiff to sustain permanent injuries. The trial date is confirmed and by separate order, a writ directing the production of plaintiff at trial will issue.

On June 11, 2007, the Court held a telephonic trial setting conference. Pursuant to plaintiff's verbal motion, plaintiff's previously filed miscellaneous trial motions and motions in limine, which were denied without prejudice to refiling by Judge Ishii on September 26, 2006, were deemed reinstated, and on September 5, 2007, at 8:30 a.m., the Court held a hearing to resolve the parties' miscellaneous trial motions and motions in limine. (Docs. 230, 265.) Plaintiff and defendants'

counsel Barry Alves appeared by telephone. Based on the Court's rulings during the hearing and following a post-hearing review of the record on several issues left unresolved, the following order issues.

**II.     Plaintiff's Previously Filed Trial Motions and Motions in Limine**

   **A.     Motion for Jury to View Hobby Shop**

On January 11, 2006, plaintiff filed a motion seeking (1) a court order compelling defendants to produce photographs or a videotape of the hobby shop area, (2) the appointment of someone to photograph or videotape the hobby shop area, or (3) a jury tour of the hobby shop area. (Doc. 180) Defendants contend that (1) they do not have possession, custody, or control over any photographs of the area, (2) the condition of the room is irrelevant to plaintiff's claim, (3) the room has been remodeled so a tour would not be helpful, and (4) Judge Ishii already denied the motion for a jury tour and informed plaintiff that he could draw a diagram of the area for use at trial. (Doc. 273.)

During a hearing held on January 17, 2006, Judge Ishii stated that he cannot order discovery, that tours are typically not conducted, and that plaintiff can and should make his own diagram of the area for use at trial. (Docs. 230, 266.) The Court cannot say at this juncture whether or not the condition of the room is relevant. However, the condition of the room has changed and a jury tour would not be helpful. Further, defendants cannot be compelled to produce photographs that do not exist. Plaintiff is not precluded from drawing or having a witness draw a diagram of the area for use during trial.

Plaintiff's motion is denied.

   **B.     Motion for Modification of Pretrial Order**

On January 18, 2006, plaintiff filed a motion seeking modification of the Pretrial Order to show that he intends to introduce discovery responses at trial. (Doc. 184.) Defendants contend that the Court has already ruled that the Pretrial Order will not be amended, and that plaintiff did not timely disclose his trial exhibits and has not shown manifest injustice. (Doc. 273.)

During a hearing held on January 17, 2006, Judge Ishii told the parties that in general, they are bound by the exhibits they listed but because plaintiff is pro se, he would not preclude plaintiff from making an argument concerning the admission of an unlisted exhibit. (Doc. 266, 11:1-12:2.)

Judge Ishii specifically stated that the standard is strict and plaintiff would have a tough time getting it in, but he would not preclude plaintiff from trying. (Id.) In addition, on June 11, 2007, the undersigned held a trial setting hearing during which plaintiff was informed that his exhibit list was not timely submitted. (Doc. 265.) Plaintiff was instructed plaintiff to review the Federal Rules of Evidence prior to trial concerning the use of discovery documents, as plaintiff may use such documents to impeach witnesses but may not simply enter them into evidence. (Id.) Plaintiff's motion for modification of the Pretrial Order is denied.[1]

### C. Motion to Exclude Four Defense Exhibits

On January 26, 2006, plaintiff filed a motion seeking to exclude the following defense exhibits. (Doc. 187.) Defendants filed an opposition on July 30, 2007. (Doc. 273.)

#### 1. Medical report of injury dated January 5, 2000[2]

Plaintiff seeks to exclude the medical report of injury dated January 5, 2000, as irrelevant and "out of time frame." (Doc. 187.) Defendants contend that plaintiff is claiming he was physically incapable of washing windows in 1999, and that this activity caused him to suffer permanent mobility impairment, injuries to his nervous system, and physical and emotional pain and suffering. (Doc. 273.) Defendants contend, however, that plaintiff was physically capable of refereeing several basketball games later that year, and injured his back while refereeing a game on January 4, 2000. Defendants contend that this injury occurred nine days before an MRI was performed and revealed two mild central lumbar disc herniations. Defendants contend that plaintiff's physical activities and subsequent injuries are highly probative of plaintiff's MRI results and current symptoms, and highly probative of plaintiff's physical condition in 1999.

Plaintiff's motion to exclude this evidence is denied. The evidence may be probative and is a question of fact for the jury.

///

---

[1] Plaintiff's exhibit list is discussed in greater detail in section III(B).

[2] Defendants' Exhibits F, G.

3

**2.   General Chrono dated June 1995 and two certifications of achievement[3]**

Plaintiff seeks to exclude the chrono dated June 1995 and two certifications of achievement as irrelevant. Defendants anticipate that plaintiff will claim he was physically incapable of refereeing games after he injured his back in 1986. (Doc. 273.) Defendants intend to offer the laudatory chrono and certifications solely for impeaching plaintiff on cross-examination. They request that the Court reserve the ruling on this issue until cross-examination.

The Court reserves this ruling as to relevancy until plaintiff testifies at trial.

**3.   Plaintiff's chronological history of incarceration[4]**

Plaintiff seeks to exclude his history of incarceration as irrelevant. (Doc. 187.) Defendants contend they intend to offer this evidence solely to establish that plaintiff arrived at SATF on February 13, 1998, and if plaintiff is willing to stipulate to his arrival date, they will withdraw this exhibit. (Doc. 273.)

Plaintiff agreed to this stipulation and it is accepted.

**D.   Motion for Jury Instruction**

On February 7, 2006, plaintiff filed a motion seeking to have the Court instruct the jury as follows: "[W]hether failed to deny is admitted that all facts in the plaintiff's complaint, the court's [orders], and other evidentiar[y] material, are true. Whether defendants can rest on their mere allegations in pleading, or upon conclusory in affidavits, or witnesses testimony. They must produce evidence to prove their allegations. Concludes that the medical records negate the existence of a genuine issue of material facts." (Doc. 192.)

This instruction is vague and the Court cannot make a determination whether it is a correct statement of the law. Plaintiff's motion is denied without prejudice to the submission of a clearer instruction with citation to the legal source(s) for the instruction.

///

///

---

[3] Defendants' Exhibits H, I, and J.

[4] Defendants' Exhibits C, D, and E.

4

III.    **Defendants' Motions in Limine**

   A.    **Defendant Caetana's Non-Appearance at Trial**

Defendants seek to preclude plaintiff from making any statements at trial which suggest that defendant Caetana chose not to attend trial. (Doc. 271.) Defendants contend that the reason is irrelevant but any suggestion that he chose not to is false and prejudicial. Plaintiff opposes the motions and asserts that he should be able to inform the jury that Caetana chose not to attend trial unless counsel produces evidence to the contrary, as plaintiff previously requested. (Doc. 272.)

On September 21, 2006, defendants filed the declaration of R. Havard, an oncologist who is treating Caetana. (Doc. 228.) Dr. Havard attested that Caetana has prostrate cancer, that on or around September 6, 2006, it was discovered the cancer had worsened, that the cancer is painful, and that it is unlikely Caetana will ever be able to attend trial. Accordingly, defendants' motion is granted, and plaintiff shall not make any statement during trial suggesting that Caetana chose not to attend trial

   B.    **Plaintiff's Trial Exhibits**

Defendants move to exclude plaintiff's untimely trial exhibits, submitted on July 13, 2006. (Doc. 211.) Plaintiff contends that his evidence has been in the court file and/or defendants' possession for seven years, and that defendants have not shown it would be prejudicial to them to allow the evidence. (Doc. 272.)

As it stated it would during the hearing, the Court has again reviewed the record with respect to this issue. The parties were ordered to file pretrial statements pursuant to the Court's order filed October 3, 2005. (Doc. 153.) Plaintiff filed his pretrial statement on November 7, 2005, and did not set forth an exhibit list. (Doc. 164.) On January 12, 2006, Judge Ishii issued the Pretrial Order, which stated, "The following is a list of documents or other exhibits that the parties expect to offer at trial. NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT 'MANIFEST INJUSTICE.' Fed. R. Civ. P. 16(e); Local Rule 16-281(b)(11)." (Doc. 208, 12:23-13:4.) The order documented plaintiff's lack of any exhibit list, and provided the parties with eleven calendar day within which to file objections.

On January 18, 2006, plaintiff filed a motion seeking to amend the Pretrial Order relating to the section about use of discovery documents during trial. (Doc. 184.) Plaintiff did not seek to amend the section setting forth the parties' exhibit lists. On January 17, 2006, one day before the Court received and filed plaintiff's motion, Judge Ishii held a telephonic hearing at which plaintiff raised this objection verbally. The parties were informed that as a general rule, both sides are limited to the witnesses and exhibits listed in their pretrial statements. Although, given plaintiff's pro se status, Judge Ishii declined to issue a ruling entirely precluding plaintiff from attempting to use evidence not on his exhibit list, plaintiff was placed on notice that the standard is one of manifest injustice, which is a strict standard, and he would have a tough time meeting it. The Court stated

> [T]here are times when a party, especially in [the] case of Mr. Thomas, if he's not an attorney and doesn't recognize - and perhaps some of the significance is that he might, or any party might say, well, "You know, I've got this other witness or I've got this other document, and you need to disclose it to the other side." And say, "You know, I'd like to - I'm going to call this other witness, or I'm going to introduce this other document," and then the other side can object. Now, one of the objections, one of the grounds for objections is, it is an important ground is, you didn't mention that. You didn't say that in your pretrial statement. And then what I look to is whether or not there is manifest injustice if I don't allow it to come in.
>
> Now, that's a pretty strict standard, so I'm not saying that just because Mr. Thomas or any defendant says, "Oh, by the way, I'd like to have something else put in that's not in my exhibit list," or any witness list. You're going to have a tough time getting it in. But I'm not going to say that you can't try.

(Doc. 266, 11:8-12:2.)

Subsequently, on June 26, 2006, Judge Ishii issued an Amended Pretrial Order, which is now the operative pretrial order in this case, and on July 13, 2006, plaintiff filed the exhibit list at issue in defendants' motion in limine. (Doc. 208, 213.)

Plaintiff was required under Local Rule 16-281 to submit an exhibit list in his pretrial statement. Plaintiff did not do so and was subsequently placed on notice by the original Pretrial Order that only those exhibits listed would be allowed, absent a showing of manifest injustice. This standard was again articulated by Judge Ishii during the hearing held on January 17, 2006. Plaintiff did not move for modification of the Pretrial Order with respect to his exhibit list, and the Court at no time modified the Pretrial Order with respect to plaintiff's exhibit list.

///

6

Plaintiff's submission of an exhibit list on July 13, 2006, and the fact that much if not all of the evidence plaintiff seeks to use is part of the court record, does not alter the fact that plaintiff was required to submit his exhibit list as part of his pretrial statement and did not do so. Plaintiff's exhibit list was untimely, and plaintiff neither made a showing of manifest injustice previously nor made a showing of manifest injustice during the hearing held on September 5, 2007. Accordingly, the Amended Pretrial Order stands, and the Court's previous ruling that the exhibit list was not timely submitted stands. Should plaintiff wish to argue concerning the use of a particular exhibit at trial, he has been placed on notice more than once that he must make a showing of manifest injustice, which is a high standard and difficult to meet. As the Court has indicated during the two hearings it has held, plaintiff should review the Federal Rules of Evidence concerning the use of discovery documents, as plaintiff may use them to impeach witnesses. (Doc. 266.)

### C.    Written Deposition Testimony[5]

Defendants seek to exclude select portions of defendant Caetana's deposition testimony. (Doc. 271.) Plaintiff opposes the motion. (Doc. 272.) Those portions, defendants' objections, and the Court's ruling are summarized as follows.

#### 1.    Page 13, Line 14 Through Page 14, Line 1

Defendants object that this testimony would confuse or mislead the jury, and waste the Court's time.

Defendants' motion is granted. This testimony is irrelevant.

#### 2.    Page 15, Line 23 Through Page 16, Line 3

Defendants object that this testimony is irrelevant and would merely confuse the jury.

Defendants' motion is granted. There is no legal or factual significance to this testimony and it is precluded.

#### 3.    Page 16, Lines 16 Through 19

Defendants object that this question is compound, vague, and lacks foundation.

Defendants' motion is granted on the ground that the question lacks foundation.

---

[5] The deposition transcript is attached to defendants' motions in limine, filed July 9, 2007. (Doc. 271-2.)

####	4.	Page 17, Lines 8 Through 24

Defendants object that these questions are irrelevant, lack foundation, call for speculation, and contain hearsay.

Defendants' motion is granted on the grounds that the questions lack foundation and contain hearsay.

####	5.	Page 19, Lines 14 Through 18

Defendants object that this question is compound, calls for hearsay, lacks foundation, and calls for speculation.

Defendants' motion is granted on the ground that the question contains hearsay, but denied as to compound, lacking in foundation, and calling for speculation.

####	6.	Page 27, Lines 17 Through 20

Defendants object that this question is compound and vague.

As indicated during the hearing, the Court has re-reviewed the record. In light of the fact that the parties were not precluded from objecting to the deposition questions by the Magistrate Judge, defendants' objection is sustained and the motion is granted. (Doc. 238.)

####	7.	Page 33, Lines 15 Through 17; Page 34, Lines 18 Through 20; and Page 35, Lines 17 Through 19

Defendants object that these questions are confusing, vague, and compound.

Defendants' objection as to 33:15-17 is overruled. Defendants' objections as to 34:18-20 and 35:17-19 are sustained in that the questions were asked and answered.

### IV.	Plaintiff's Motion to Submit Perjury and Impeachment Evidence

On July 3, 2007, plaintiff filed a motion seeking to submit "perjury and impeachment evidence," pursuant to 18 U.S.C. § 1621, 18 U.S.C. § 1632, and California Penal Code 118. (Doc. 270.)

This motion is not a proper motion in limine, and plaintiff is not entitled to the relief he is seeking. The pre-trial dispositive motion deadline, under which a pre-trial motion for judgment as a matter of law would fall, has expired. (Doc. 260.) Although plaintiff is not precluded from raising

///

proper trial and post-trial motions, any motion brought at this juncture for judgment as a matter of law is untimely and will not be entertained.

Further, the California Penal Code is inapplicable in federal court, and the decision to whether or not to criminally charge individuals with perjury pursuant to federal statutes lies with a different branch of the government. To the extent that there are inconsistencies in testimony, plaintiff may use that information for impeachment purposes.

Plaintiff's motion is therefore denied.

## V.     Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the jury to view the hobby shop, filed January 11, 2006, is DENIED;
2. Plaintiff's motion for modification of the Pretrial Order, filed January 18, 2006, is DENIED;
3. Plaintiff's motion to exclude defendants' exhibits, filed January 26, 2006, is GRANTED IN PART and DENIED IN PART as set forth herein;
4. Plaintiff's motion for a specific jury instruction, filed February 7, 2006, is DENIED;
5. Defendants' motions in limine, filed July 9, 2007, are GRANTED IN PART and DENIED IN PART as set forth herein; and
6. Plaintiff's motion seeking to submit perjury and impeachment evidence, filed July 3, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:     September 5, 2007**           /s/ Lawrence J. O'Neill
                                                            UNITED STATES DISTRICT JUDGE